1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10   **EASTERN DIVISION**

11

12   IAN LaMONTE CORMIER,                    Case No. 5:19-cv-01198-SVW (AFM)

13             Plaintiff,

14      v.                                   **ORDER TO PAY THE FILING FEE**
                                             **OR SHOW CAUSE PURSUANT TO**
15   JAMES COMEY, *et al.,*                  **28 U.S.C. §1915(G)**

16             Defendants.

17

18        Plaintiff, a state prisoner presently held at Patton State Hospital, lodged for

19   filing a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 28, 2019,

20   while he was being held at the Robert Presley Detention Center ("RPDC") in

21   Riverside, California.  (ECF No. 1 at 1 ("Second Case").)  Plaintiff did not prepay

22   the filing fee nor file a request to proceed *in forma pauperis* ("IFP Request").  The

23   assigned magistrate judge ordered plaintiff to pay the filing fee or submit an IFP

24   Request on or before July 28, 2019, but plaintiff has failed to comply with that Order,

25   or to seek an extension of time in which to do so.  (*See* ECF No. 4.)

26        On June 21, 2019, plaintiff lodged for filing a related case, Case No. EDCV

27   19-1151.  (No. 19-1151, ECF No. 1 ("First Case").)  Plaintiff did not prepay the filing

28   fee nor file an IFP Request in the First Case.  The magistrate judge ordered plaintiff

to pay the filing fee or submit an IFP Request in the First Case on or before July 17, 2019, but plaintiff has failed to comply with the Order, or to seek an extension of time in which to do so. (*See* No. 19-1151, ECF No. 4.) In the First Case, plaintiff filed a change of address, notifying the Court that, on July 1, 2019, he had been transferred to Patton State Prison, in Patton, California. (No. 19-1151, ECF No. 5.)

In the Second Case, plaintiff did not notify the Court of his change of address, but mail addressed to plaintiff's former address has been returned to the Court since July 9, 2019. (*See* ECF Nos. 5-8.) On July 29, 2019, plaintiff filed a one-page "Sworn Affidavit or Declaration" in which he states that he is "competent to testify to all matters herein," but plaintiff does not purport to allege that he faces any danger of serious physical injury. (ECF No. 9.) To date, plaintiff has not complied with the Order of July 1, 2019, or seek an extension of time in which to do so, although another copy of the Order was mailed to plaintiff's address as supplied in the First Case. (No. 19-1198, ECF No. 7.)

A review of past civil actions filed by plaintiff in this Court, other District Courts in the Southern and Northern Districts of California, and in the Ninth Circuit Court of Appeals reflects that plaintiff is subject to the provisions of 28 U.S.C. §1915(g). Pursuant to §1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding" without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g). Such dismissal is deemed a "strike."

The Ninth Circuit has held that the phrase "fails to state a claim on which relief may be granted" as used in §1915, parallels the language of Fed. R. Civ. P. 12(b)(6) and carries the same interpretation; that the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact"; and the word

"malicious" refers to a case "filed with the 'intention or desire to harm another.'" *See Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (explaining the terms used in §1915(g)); *see also Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (defining when a case is frivolous, malicious, or duplicative). In addition, the Ninth Circuit has held that the prior denial of IFP status on the basis of frivolity or failure to state a claim constitutes a strike for purposes of §1915(g). *See O'Neal v. Price*, 531 F.3d 1146, 1153-54 (9th Cir. 2008) (also stating that a dismissal without prejudice may count as a strike). Further, a dismissal may constitute a strike for failure to state a claim if it is obvious from the face of the pleading that the claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the entire action is dismissed for a reason that qualifies as a strike under §1915(g). *Washington v. Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1055 (9th Cir. 2016) (holding that "a dismissal may constitute a PLRA strike . . . when *Heck*'s bar to relief is obvious from the face of the complaint, and the entirety of the complaint is dismissed for a qualifying reason under the PLRA"). Further, appellate affirmances do not count as strikes when the appeal affirms the decision of the district court, but an appeal will count as a separate strike if the appellate court "expressly states that the appeal itself was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1045-46 (9th Cir. 2016).

Once plaintiff has accumulated three strikes, he is prohibited from pursuing any subsequent civil action without prepayment of the filing fee, unless he makes a showing that he faced "imminent danger of serious physical injury" based on the "circumstances at the time of the filing of the complaint." *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53, 1056-57 (9th Cir. 2007).

Finally, the Ninth Circuit has held that, pursuant to the language of the statute and other relevant definitions of "prisoner," "a court may screen a complaint pursuant to 28 U.S.C. §1915A only if, at the time the plaintiff files the complaint, he is 'incarcerated or detained in any facility [because he] is accused of, convicted of,

sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.'" *Olivas v. Nev. ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (alteration in original). This definition of "prisoner" applies to §1915. *See Page v. Torrey*, 201 F.3d 1136, 1139-40 (9th Cir. 2000).

In light of the foregoing standards, the Court takes judicial notice of the following prior civil actions filed by plaintiff in the District Courts of California or in the Ninth Circuit Court of Appeal that qualify as strikes for purposes of §1915(g). *See* Fed. R. Evid. 201(b)(2), (c)(1):

(1) *Cormier v. Liggins*, Case No. CV 01-0364-K (LSP), in the Southern District of California, in which the case was dismissed on May 8, 2001, for failure to state a claim and as barred by *Heck.* (No. 01-0364, ECF No. 2 at 4-7; No. 3.) The district court also found in *Liggins* that plaintiff already had three prior strikes within the meaning of §1915(g). (No. 01-0364, ECF No. 2 at 4.) On Appeal, in Case No. 01-55857, the Ninth Circuit affirmed the district court's dismissal in *Liggins.* (No. 01-0364, ECF Nos. 15-16.) The *Liggins* case, as well as the three earlier cases cited in that case (*see* below), all count as separate strikes, constituting four prior strikes.

    a. *Cormier v. People of the State of California*, Case No. CV 00-0249-L (RBB), in the Southern District of California, in which the case was dismissed on March 21, 2000, for failure to state a claim and as barred by *Heck.* The District Court indicated that the dismissal may be considered as a strike. (No. 00-0249, ECF No. 7 at 10-11, No. 8.) The District Court's decision was affirmed on appeal. (No. 00-0249, ECF No. 18.)

    b. *Cormier v. Manny*, Case No. CV 00-0025-W (CGA), in the Southern District of California, in which the case was dismissed on May 1,

2000, for failure to state a claim. The District Court indicated that the dismissal may count as a strike. (No. 00-0025, ECF No. 16.)

      c. *Cormier v. California*, Case No. CV 00-0004-L (RBB), in the Southern District of California, in which the case was dismissed on May 11, 2000, for failure to state a claim and as barred by *Heck*. (No. 00-0004, ECF No. 14 at 7-8, No. 15.)

(2) *Cormier v. Suter*, Case No. EDCV 11-0801-UA (MLG), in the Central District of California, in which plaintiff's IFP Request was denied and the case dismissed as frivolous on June 3, 2011. (No. 11-0801, ECF No. 2.) In addition, the Ninth Circuit affirmed the district court's dismissal and found that plaintiff's appeal was frivolous. (No. 11-0801, ECF Nos. 9, 12.)

(3) *Cormier v. Siegler*, Case No. CV 11-4907-ABC (MLG), in the Central District of California, in which, on July 22, 2011, plaintiff's Request for IFP was denied as frivolous, malicious, or fails to state a claim, and the district judge indicated that the dismissal may count as a strike. (No. 11-4907, ECF No. 4 at 1). On Appeal, the Ninth Circuit affirmed the district court and found that the appeal was frivolous. (*See* No. 11-4907, ECF Nos. 10, 16; 530 Fed. Appx. 624 (9th Cir. 2013).)

Accordingly, because plaintiff had already accumulated significantly more than three strikes (at least six) before he initiated this action, plaintiff is precluded from proceeding IFP herein unless and until he can show that, at the time this action was initiated, he was "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). The availability of the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time." *See Andrews*, 493 F.3d at 1053 (emphasis added). Further, plaintiff "bears the ultimate burden of persuading the court that §1915(g) does not preclude IFP status." *Richey v. Dahne*, 807 F.3d 1202, 1206 (9th Cir. 2015). Here, plaintiff was detained at the RPDC at the time that he initiated this action, but plaintiff does

not name as defendants any officials at the RPDC in either the First Case or the Second Case.  Nor does the Complaint in this action raise allegations concerning the conditions that plaintiff faced at the RPDC at the time that he filed the Complaint. Accordingly, nothing in the factual allegations in the Complaint raises a reasonable inference that plaintiff faced "imminent danger of serious physical injury" at the time that he initiated this action.  28 U.S.C. §1915(g).

Finally, plaintiff has filed multiple documents with the Court in addition to his change of address since the time that he initiated this action.  In none of those documents does plaintiff purport to allege that he faced any ongoing danger of serious physical injury at the time that he initiated this action.

IT THEREFORE IS ORDERED that, on or before **August 23, 2019**, plaintiff shall pay the filing fee in this action, or he shall show cause in writing why he should not be denied leave to proceed IFP and why this action should not be dismissed pursuant to 28 U.S.C. §1915(g).  Failure to comply with this Order will be deemed by the Court as plaintiff's consent to the dismissal of this action.

IT IS SO ORDERED.


DATED:  August 7, 2019


_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE