UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| IAN LaMONTE CORMIER,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>JAMES COMEY., *et al.*,<br><br>　　　　　Defendants. | Case No. 5:19-cv-01198-SVW (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On June 28, 2019, plaintiff filed a Complaint in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Complaint was signed by plaintiff on June 2, 2019. (*Id*. at 7, 14.) Plaintiff paid the filing fee on September 25, 2019. (ECF No. 18.) The Complaint arises from incidents that occurred while plaintiff was detained on criminal charges in San Diego County and in Riverside County, California. (ECF No. 1 at 1.) Plaintiff names as defendants more than ten individuals who are identified as attorneys, two Superior Court judges, one District Attorney, one deputy sheriff, and several individuals identified as doctors. (*Id*. at 2, 8, 15-17.) The Complaint lists incident dates of 1985, 1986, 2013, and October 24, 2018. (*Id*. at 1, 3-5, 8.) Plaintiff seeks monetary damages. (*Id*. at 7, 14.)

1    In accordance with the terms of the Prison Litigation Reform Act of 1995
2    ("PLRA"), the Court has screened the Complaint prior to ordering service for purpose
3    of determining whether the action is frivolous or malicious; or fails to state a claim
4    on which relief may be granted; or seeks monetary relief against a defendant who is
5    immune from such relief. *See* 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).[1]

6    The Court's screening of the pleading under the foregoing statutes is governed
7    by the following standards. A complaint may be dismissed as a matter of law for
8    failure to state a claim for two reasons: (1) "lack of a cognizable legal theory;" or
9    (2) insufficient "facts alleged under a cognizable legal theory." *See, e.g., Kwan v.
10   SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (internal quotation marks
11   omitted); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when
12   determining whether a complaint should be dismissed for failure to state a claim
13   under the PLRA, the court applies the same standard as applied in a motion to dismiss
14   pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on
15   which relief may be granted, its allegations of material fact must be taken as true and
16   construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910
17   F.3d 438, 444 (9th Cir. 2018). However, the "tenet that a court must accept as true
18   all of the allegations contained in a complaint is inapplicable to legal conclusions."
19   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a court first "discounts
20   conclusory statements, which are not entitled to the presumption of truth, before
21   determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d

---

[1] Plaintiff's present address is the Patton State Hospital, and it is not clear to the Court what his current status is. However, plaintiff alleges that he was held for trial, that he entered a plea, and that he had been held at Salinas Valley State Prison. (*See, e.g.,* ECF No. 1 at 5, 27-28.) Accordingly, it appears to the Court that plaintiff is a "prisoner" as applicable to the PLRA. *See Olivas v. Nevada ex rel. Dep't of Corr.*, 856 F.3d 1281, 1284 (9th Cir. 2017) (citing *Page* and holding that the definition of "prisoner" is the same for 28 U.S.C. 1915A and is determined at the time that plaintiff files the complaint); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) ("individuals who, at the time they seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition" of 42 U.S.C. § 1997e and 28 U.S.C. § 1915).

1124, 1129 (9th Cir. 2013); *see also Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). Nevertheless, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) *a short and plain statement of the claim showing that the pleader is entitled to relief;* and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct. No technical form is required." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be "wholly without merit." *See McHenry*, 84 F.3d at 1179.

Following careful review of the Complaint, the Court finds that many of the claims appear to be barred by the statute of limitations, and the factual allegations appear insufficient to state a claim upon which relief may be granted. Further, the pleading fails to comply with Rule 8 because it fails to state a short and plain statement of each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[2]

**A.  Statute of Limitations**

The Complaint references incident dates in 1985, 1986, and 2013 (ECF No. 1 at 1, 3-4, 8.) It appears to the Court that plaintiff's "Count 1" arises from events that took place in 1985 or 1986 (*id.* at 3, 10, 21), and that plaintiff's "Count 2" arises from events that took place in 2013 (*id.* at 4, 11). Plaintiff signed his Complaint on June 2, 2019. (*Id.* at 7, 14.)

Federal civil rights claims brought pursuant to § 1983 are subject to the forum state's statute of limitations applicable to personal injury claims. *See, e.g., Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (citing *Wilson v. Garcia*, 471 U.S. 261, 276 (1985)). Federal civil rights claims arising in California after 2003 are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1. *See, e.g., Maldonado v. Harris*, 370 F.3d 945, 954-55 (9th Cir. 2004). Federal law, however, determines when a civil rights claim accrues. *See McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) ("the time at which a § 1983 claim accrues is a question of federal law" (internal quotation marks omitted)). A cause of action typically

---

[2]  Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

accrues under federal law as soon as a potential "plaintiff knows or has reason to know of the injury which is the basis of the action." *See Bird*, 935 F.3d at 743.

In addition, a federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a maximum of two years. *See* Cal. Civ. Proc. Code § 352.1; *see, e.g., Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Such tolling is applicable only if a plaintiff was imprisoned "at the time the claim accrued." *Elliott*, 25 F.3d at 802-03 (explaining that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of "post-arrest custody") (citation omitted)).

Plaintiff's federal claims herein accrued no later than the day on which he learned of the events that gave rise to a specific civil rights claim. Giving plaintiff the benefit of any doubt as a *pro se* litigant, even assuming for purposes of determining the adequacy of plaintiff's pleading that plaintiff has been continually incarcerated, his uninterrupted incarceration would entitle plaintiff to a maximum of two years of statutory tolling. *See* Cal. Code Civ. Proc. § 352.1(a) (expressly limiting tolling arising from incarceration to a period not to exceed two years). Absent other grounds for tolling, therefore, plaintiff's federal civil rights claims in this action are time-barred to the extent that they accrued prior to June 2015.

Accordingly, it appears to the Court that plaintiff's "Count 1" and "Count 2" are barred by the statute of limitations. A pleading may be dismissed on statute of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013).

**B.  Absolute Immunity**

Plaintiff names as defendants two Superior Court judges and an attorney with the San Diego County District Attorney's Office. (ECF No. 1 at 2, 8, 17.) To the

extent that plaintiff's claims against these defendants are not barred by the statute of limitations, it appears to the Court that the claims are barred by absolute immunity.

A judicial defendant is absolutely immune from federal civil rights suits for acts performed in his or her judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Further, judicial immunity applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996). Judicial immunity is not lost if a plaintiff alleges that an action was erroneous, was malicious, or was in bad faith. *Mireles*, 502 U.S. at 11-12; *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Rather, judicial immunity is lost only if an action is taken in the "clear absence" of jurisdiction, such as when judicial officers "rule on matters belonging to categories which the law has expressly placed beyond their purview." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 369-70 (9th Cir. 1981) (discussing the distinction between actions taken "in clear absence of all jurisdiction" and those taken merely "in excess of jurisdiction").

Here, it appears to the Court that any claims against Judge Jones would be barred by the statute of limitations. (*See* ECF No. 1 at 3, 10, 18, 20.) To the extent that plaintiff is raising any federal claims against Judge Gunn that are not barred by the statute of limitations (*see, e.g., id*. at 12, 24-25), it appears that plaintiff's factual allegations arise solely from actions that Judge Gunn took in his judicial capacity. Accordingly, it appears that Judge Gunn is entitled to absolute immunity from suit for any timely claims in plaintiff's Complaint.

Similarly, to the extent that plaintiff is purporting to raise any claims against District Attorney Hostin (*see id*. at 2, 8), it appears that this defendant is entitled to absolute immunity for any claims for damages arising from plaintiff's criminal prosecution. Prosecutors are entitled to absolute immunity from damages liability

7

when they engage in activities "intimately associated with the judicial phase of the criminal process," such as the prosecution and presentation of the state's case. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976). This immunity applies even if it "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." *Imbler*, 424 U.S. at 427. However, it is the nature of the function performed, not the role or title of the actor that determines the scope of absolute immunity. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013) ("the Supreme Court has emphasized this functional approach for determining when public officials may claim absolute immunity under § 1983"). Here, it is not clear from the Complaint if plaintiff is alleging any claims against defendant Hostin that are not barred by the statute of limitations, but District Attorney Hostin is entitled to absolute immunity for any acts in initiating or presenting a criminal prosecution against plaintiff. *See, e.g., Stapley v. Pestalozzi*, 733 F.3d 804, 809 (9th Cir. 2013) ("prosecutors have absolute immunity under § 1983 for a decision to initiate a criminal prosecution").

C. **Rule 8**

Plaintiff's Complaint violates Rule 8 in that, to the extent plaintiff is raising any claims that are not time barred against any defendant who is not entitled to absolute immunity, plaintiff's Complaint fails to allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and which factual allegations give rise to each claim.

For example, plaintiff's "Count 3" references a right to a speedy trial, due process, false imprisonment, intentional infliction of emotional distress, and a "conflict of interest." (ECF No. 1 at 5, 12.) Plaintiff does not clearly identify which of the more than twenty named defendants are alleged to have caused each of these violations. To state a federal civil rights claim against a particular defendant, plaintiff must allege that the defendant deprived him of a right guaranteed under the United States Constitution or a federal statute, and that the "deprivation was committed by

a person acting under color of state law." *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasis and alteration in original). Further, the "under-color-of-state-law" requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Thus, the "ultimate issue in determining whether a person is subject to suit under § 1983" is whether "the alleged infringement of federal rights is fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). Plaintiff's inclusion of claims arising under state law, such as intentional infliction of emotional distress within his "Count 3," renders it difficult for each defendant to determine which federal claims are being raised against him or her.

Further, in his "Count 3," plaintiff includes, *inter alia*, factual allegations pertaining to an "attack" in October 2018, questioning at the Moreno Valley Police Department, being held for trial, an arrest in Los Angeles County, a fight that occurred at Salinas Valley State Prison, and placement in administrative segregation. (*See* ECF No. 1 at 5, 12, 26-28.) But the defendants are identified as being located in Riverside County and San Diego County. (*Id.* at 2, 8, 15-17.) Salinas Valley State Prison is in Monterey County, where none of plaintiff's defendants appears to be located. Further, it seems clear that the defendants located in San Diego County did not cause any of the claims that arose in Riverside County. To the extent that plaintiff wishes to state a federal civil rights claim against any named defendant, plaintiff should set forth a separate, short, and plain statement of the actions that each defendant is alleged to have taken, or failed to have taken, that **caused** each violation of a right guaranteed under the federal Constitution or a federal statute. *See West*, 487 U.S. at 48.

Additionally, plaintiff names numerous attorneys as defendants in his Complaint. A private individual, such as an attorney, may be considered to be acting under color of state law only if a private party intentionally engages in joint action with a state official to deprive someone of a constitutional right. *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989) (en banc) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights."). An attorney, even if appointed by a court or government entity, is a private party who does **not** act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 318-19, n.9, 325 (1981) ("a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of §1983," regardless of "whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program"); *Miranda v. Clark County*, 319 F.3d 465, 468-69 (9th Cir. 2003) (en banc) (a public defender performing the role of an attorney for a client is not a state actor under §1983); *DeGrassi v. City of Glendora*, 207 F.3d 636, 647 (9th Cir. 2000) (a "bare allegation" that a private person acted jointly with state officials is insufficient to state a claim under §1983). Here, it appears to the Court that plaintiff's claims against the attorneys who are named as defendants in plaintiff's Complaint do not arise from actions taken by any attorney outside of that attorney's role as an attorney for plaintiff. Accordingly, the named attorneys are not state actors, and plaintiff may not raise a claim pursuant to § 1983 against such defendants.

Because plaintiff appears to raise numerous claims under multiple legal grounds within each "Count," and because all defendants named in this action are not alleged to have participated in all parts of the alleged events, the Complaint fails to meet the minimal requirement of Rule 8 that a pleading allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). The Court is mindful that, because plaintiff is

appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the factual grounds for each claim. *Johnson*, 135 S. Ct. at 347.

Accordingly, the Court finds that plaintiff's Complaint violates Rule 8 because it fails to set forth a simple, concise, and direct statement of the factual basis of each of plaintiff's claims against each defendant. If plaintiff wishes to state any federal civil rights claim that is not barred by the statute of limitations or by absolute immunity against any defendant, plaintiff should set forth separate claims stating his factual allegations for each such claim against each defendant under the standards set forth above.

D.  **Heck**

In his Complaint, plaintiff names numerous attorneys who appear to have defended plaintiff in connection with criminal charges against plaintiff. Plaintiff alleges that, in at least one case, he entered a plea. (ECF No. 1 at 27.) Plaintiff, however, may not challenge an allegedly unlawful conviction in a federal civil rights action. To the extent that plaintiff may be seeking to have a criminal conviction set aside, a petition for habeas corpus is a prisoner's sole judicial remedy when "attacking the validity of the fact or length of … confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973); *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc) (the Supreme Court has held "that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas and that such claims may not be brought under § 1983").

Further, to the extent that plaintiff may be attempting to use this civil rights action to seek monetary damages for an "allegedly unconstitutional conviction or

11

imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" where success would *necessarily* imply the invalidity of the fact or duration of his confinement, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (prisoner's civil rights action is barred "*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration" (emphasis in original)).

It appears that success on some of the claims that plaintiff may be raising in this civil rights action would necessarily impact the fact or duration of plaintiff's incarceration. Accordingly, if the success of any of plaintiff's claims herein would *necessarily* implicate the fact or length of plaintiff's incarceration, such claims are barred in this civil rights action unless plaintiff demonstrates that his conviction(s) already has been invalidated.

∗∗∗∗∗∗∗∗∗∗∗∗

If plaintiff still desires to pursue this action**, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order**, remedying the pleading deficiencies discussed above. The First Amended Complaint should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment, or document.

Plaintiff is admonished that, irrespective of his *pro se* status, if plaintiff wishes to proceed with this action, then he must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules");

including the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Similarly, plaintiff must comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint. Accordingly, to the extent that plaintiff intended to raise any new claims in other filings in this action (*see* ECF Nos. 12, 14, 17), in his First Amended Complaint plaintiff should set forth a simple, concise, and direct statement of the factual basis of each such claim against a defendant named in this action. Further, if plaintiff believes that any document is integral to any of his alleged claims, then he should attach such document as an exhibit to the First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, then he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or he fails to remedy the deficiencies of this pleading as discussed herein, then the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.

**IT IS SO ORDERED**.

DATED: 11/19/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachment: Form CV-066
Form CV-009